ROSALIE V. TIZARD, PLAINTIFF, v. SAMUEL F. ELDREDGE, EXECUTOR UNDER THE WILL OF RICHARD C. TIZARD, DECEASED, AND WILLIAM ESSEN TIZARD, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 29, 1952.

518

*Mr. Walter S. Keown,* attorney for plaintiff.

*Mr. Samuel F. Eldredge,* attorney for defendants.

HANEMAN, J. S. C.   This is a suit for the construction of the will of Richard C. Tizard, who died on April 1, 1950. The particular section of his said will which is here brought into question is paragraph Fifth, which reads as follows:

"Fifth: I give and bequeath unto my sister, Rosalie V. Tizard, the sum of Two Thousand Dollars ($2,000.00) provided she spends the rest of her days in the Presbyterian Home located in the City of Philadelphia, State of Pennsylvania."

The question involved is whether so much of the above paragraph as provides "provided she spends the rest of her days in the Presbyterian Home located in the City of Philadelphia, State of Pennsylvania" is a condition precedent or a condition subsequent.

The matter was submitted on stipulation and I find the facts in connection herewith to be as follows:

The plaintiff, Rosalie V. Tizard, is 63 years of age. She is not a Presbyterian, but is a Lutheran. The Presbyterian Home for Widows and Single Women, which is the institution referred to in paragraph Fifth of the will, requires that for admission an applicant must have been a Presbyterian for the past three years and that her pastor must vouch for her. If the applicant satisfies these requirements, her name is placed on a waiting list, which at present totals 400 names, and it is anticipated would require a waiting period of five and one-half years before admission. If the applicant is between the ages of 65 and 75 years she must make a payment of $800 and the balance of her property must be given to the Home, from which she would receive interest at the rate of three percent per annum, semi-annually.

It is academic that the paramount consideration in the construction of a will is the testator's intent, and the question of whether a condition is a condition precedent or subsequent depends upon the intention of the testator when read in the light of the surrounding circumstances.

A condition precedent is a condition upon the happening of which an estate will vest. A condition subsequent defeats an estate already vested. *Parmentier v. Pennsylvania Co., &c.*, 122 *N. J. Eq.* 25 (*Ch.* 1937); *Clausen v. Leary*, 113 *N. J. Eq.* 324 (*Ch.* 1933).

As between precedent and subsequent conditions, subsequent conditions are preferred, but where the facts in the individual case require a conclusion that a condition precedent has been created, the court must so hold. *Clausen v. Leary, supra; Parmentier v. Pennsylvania Co., &c., supra;* 3 *Page on Wills*, 750.

Forfeiture under wills or deeds are not favored. *Girard Trust Co. v. Schmitz*, 129 *N. J. Eq.* 444 (*Ch.* 1941); *Wilcox v. Kubler*, 13 *N. J. Super.* 280 (*Ch.* 1951).

The failure to perform or accomplish a condition required as a condition precedent prevents an estate from vesting in the donee. A bequest upon a condition precedent does not become effective until the condition is performed.

*Den ex dem. Blean v. Messenger,* 33 *N. J. L.* 499 (*E. & A.* 1869); *Clausen v. Leary, supra.*

Among other criteria to be considered are the following, as expressed in *Restatement of the Law, Property, Future Interests, section* 275, as follows:

"When a limitation, purporting to create a remainder or an executory interest, subjects the interest so limited to either a condition precedent or a defeasibility involving a specified volitional behavior of the intended taker of such interest or of some other designated person (a) the following factors tend to establish that such volitional behavior is a condition precedent of the interest: (i) the specified behavior is capable of complete performance within a short space of time; or (ii) the interest limited is designed to reward the intended taker after he has conformed to the expressed wishes of the conveyor; or (iii) the interest limited is a provision by the conveyor for needs of the intended taker which originate in or are increased by some definitive act of specified behavior; and (b) the following factors tend to establish that the absence of such volitional behavior is a basis for the defeasance of the interest: (i) the specified behavior is the support, complete or partial, of the conveyor, or of some other person; or (ii) the specified behavior subjects the conveyee to periodic expenditure and the circumstances indicate that the conveyor intended that the current income from the property be used to meet that expenditure; or (iii) the specified behavior is conduct which, if construed to constitute a condition precedent, would unreasonably postpone the enjoyment of the interest limited; or (iv) the restriction upon the interest limited is designed to penalize the intended taker of the interest limited, for a future disregard of the expressed wishes of the conveyor."

Under the facts here present, having particularly in mind the requirement that the legatee would be required to pay an admission fee to be admitted to the home prescribed by the testator, and that whatever balance of an estate she was seized of would be held for her benefit and the income therefrom paid to her during her lifetime, it would seem that the testator had intended that if she desired to enter said home she was to receive from his estate a sum sufficient to accomplish that purpose. He made provision for the admission fee and a sum out of which she could receive regular payments for pocket money. If he had desired to bequeath this sum outright there was no occasion for any reference

to the home. The condition here under consideration, therefore, is held to be a condition precedent.

Plaintiff argues that the impossibility of performing the condition at the time of the death of the testator results in voiding said condition *in toto*.

The condition, if it is impossible of performance, is so through no fault of the testator. Generally, where the strict performance of a condition precedent became impossible of performance through no fault of the testator, the bequest does not become absolute, but lapses. *Trust Co. of N. J. v. Lange,* 123 *N. J. Eq.* 1 (*Ch.* 1938); *Frost v. Blackwell,* 82 *N. J. Eq.* 184 (*Ch.* 1913).

Plaintiff argues that the words were merely precatory and not conditional, and cite *Casper v. Walker,* 33 *N. J. Eq.* 35 (*Ch.* 1880), and *Howell v. Patry,* 50 *N. J. Eq.* 265 (*Ch.* 1892).

The presence of the residuary clause in the will *sub judice,* as well as the intent gathered from the entire will, distinguished the present case from those cited. The court, in each of the above cited cases, adverted to the absence of such a clause in concluding that the testator did not intend to impose a condition.

In view of the foregoing, it is therefore here held that the will of Richard C. Tizard created a condition precedent in the bequest to Rosalie V. Tizard, and that she not having complied with the terms thereof, is not entitled to the payment thereof.

Where a gift is made by a will upon a condition precedent, without designating a time within which performance should be had, the legatee may comply with said condition within a reasonable time. *Chadwick v. Chadwick,* 37 *N. J. Eq.* 71 (*Ch.* 1883); *Young Men's Christian Ass'n. v. Appleby,* 97 *N. J. Eq.* 95 (*Ch.* 1924-1925).

On the question of the demand for payment of the said $2,000 by William Essen Tizard, the residuary legatee, a short day will be set to determine whether plaintiff has had

a reasonable time within which to comply with the conditions of the will.

Judgment will be entered accordingly.